**CT Corporation**

**Service of Process Transmittal**
10/06/2020
CT Log Number 538358580

**TO:** Rick Chung
AMF Bowling Worldwide, Inc.
7313 Bell Creek Rd
Mechanicsville, VA 23111-3551

**RE:** **Process Served in California**

**FOR:** AMF Bowling Centers, Inc.  (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Phyllis Ball, Pltf. vs. Bowlero Corporation, etc., Dft. // To: AMF Bowling Centers Inc., etc.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20LCECG00107 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/06/2020 at 01:14 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/06/2020, Expected Purge Date: 10/11/2020<br><br>Image SOP<br><br>Email Notification,  Rick Chung  RChung@bowlmor-amf.com<br><br>Email Notification,  Meredith Rebling  mrebling@bowlmor-amf.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Tue, Oct 6, 2020

**Server Name:**              judith smith

Entity Served                 AMF Bowling Centers Inc., dba Bowlero Clovis

Agent Name

Case Number                   20CECG00107

Jurisdiction                  CA



10-6-20 @ 130

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Bowlero Corporation, f/k/a AMF Bowling Co., and
Does 1, through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Phyllis Colleen Ball

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
1/9/2020
Superior Court of California
County of Fresno
By: J. Nelson, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF CALIFORNIA<br>1130 O STREET<br>FRESNO, CA 93721-2220 | CASE NUMBER:<br>(Número del Caso):<br>20CECG00107 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Colleen Ball, in pro per
7896 N. Pine  5599704037
Fresno, CA 93720

| DATE: 1/9/2020 | Clerk, by | J. Nelson | Deputy |
|---|---|---|---|
| (Fecha) | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [x] as the person sued under the fictitious name of (specify): DOE #1

   AMF Bowling Centers Inc., dba Bowlero Clovis

3. [x] on behalf of (specify):
   under: [x] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date): 10-6-20

BALL, COLLEEN

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Page 1 of 1

1  PHYLLIS BALL
2  7896 NORTH FINE AVE
3  FRESNO, CA 93720
4  (559) 970-4037
5  Phyllis Ball, IN PRO PER
6
7
8              SUPERIOR COURT OF THE STATE CALIFORNIA
9                  IN AND FOR THE COUNTY OF FRESNO
10  PHYLLIS BALL,                    )  Case Number: 20KCECG00107
11       Plaintiff                   )  "AMENDMENT SUBSTITUTING
12                    vs.            )  TRUE NAME FOR FICTITIOUS
13  Bowlero Corporation, f/k/a AMF    )  NAME PURSUANT TO CCP
14  Bowling Co., et al.               )  SECTION 474"
15       Defendant                   )
16  _____
17  Upon filing the complaint herein, plaintiff, being ignorant of the true name of a
18  defendant, and having designated said defendant in the complaint by the fictitious
19  name of DOE #1 and having discovered the true name of the said defendant to be:
20  AMF Bowling Centers Inc., dba Bowlero Clovis, hereby amends the complaint by
21  inserting such true name in place and stead of such fictitious name wherever it
22  appears in said complaint.
23
24                                        Dated  OCT 5-2020
25
26                                        Phyllis Ball
27                                        Phyllis Ball, Plaintiff In Pro Per
28

            FRESNO COUNTY
            SUPERIOR COURT
            2020 OCT -5  P 2 32
            FILED

                        Page 1 of 1

FILED

1  PHYLLIS BALL

2  7896 NORTH PINE AVE

3  FRESNO, CA 93720

4  (559) 970-4037

5  Phyllis Ball, IN PRO PER

*₩ OCT -5 P 12: 34

FRESNO COUNTY
SUPERIOR COURT

6

7

8  **SUPERIOR COURT OF THE STATE CALIFORNIA**

9  **IN AND FOR THE COUNTY OF FRESNO**

10  PHYLLIS BALL,                          Case Number: 20KCECG00107

11      Plaintiff                          **"MEMORANDUM IN SUPPORT**

12          vs.                            **OF EX PARTE APPLICATION"**

13  Bowlero Corporation f/k/a AMF

14  Bowling Co., et al.

15      Defendant

16

17  1.    I request leave from the court, by ex parte application, to amend my

18  complaint in order to substitute the name of fictitious DOE #1 to the true name of

19  the Defendant AMF Bowling Centers Inc., dba Bowlero Clovis.

20

21  2.    That pursuant CCP 473(a) (1), "The court may, in furtherance of justice and

22  on any terms as may be proper, allow a party to amend any pleading or proceeding

23  by adding or striking out the name of any party, or by correcting a mistake in the

24  name of a party, or a mistake in any other respect..."

25

26  3.    That pursuant to CCP 474, a plaintiff who is ignorant of the name of a

27  defendant, may sue that defendant using the fictitious name of DOE, and that once

28

Page 1 of 2

1   the defendants name is ascertained, may amend the Complaint to name the true
2   name of that DOE defendant.

3

4   4.      That pursuant to Fresno Superior Court Local Rule 2.7.1, a plaintiff may
5   seek leave from the court to amend the complaint pursuant to CCP 474, by ex parte
6   application, and that pursuant to L.R. 2.7.2(8), a hearing is unnecessary.

7

8

9

10                                                      Date  11-5-20

11

12                                          *Phyllis Ball*

13                                                 Phyllis Ball, Plaintiff in Pro Per

14

15

16

17

18

19

20

21

22

23

24              SUPERIOR COURT
25              FRESNO COUNTY

26              2020 OCT -5  P 2:34

27

28              FILED

                              Page 2 of 2

1  PHYLLIS BALL
2  7896 NORTH PINE AVE
3  FRESNO, CA 93720
4  (559) 970-4037
5  Phyllis Ball, IN PRO PER
6
7
8          SUPERIOR COURT OF THE STATE CALIFORNIA
9          IN AND FOR THE COUNTY OF FRESNO
10  PHYLLIS BALL,                    )  Case Number: 20KCECG00107
11      Plaintiff                    )  "EX PARTE APPLICATION FOR
12              vs.                  )  LEAVE TO AMEND
13  Bowlero Corporation f/k/a AMF    )  COMPLAINT TO SUBSTITUTE
14  Bowling Co., et al.              )  TRUE NAME FOR FICTITIOUS
15      Defendant                    )  NAME"
16
17  This ex parte application is being filed pursuant to California Rules of Court, Rule
18  3.1200, et seq. and Fresno Superior Court Local Rule 2.7.1 and 2.7.2 (8)
19  I am seeking leave from the court to amend the Complaint to substitute the true
20  name for a fictitious name DOE # 1.
21
22                                      Dated 10-5-20
23
24      SUPERIOR COURT
25      FRESNO COUNTY
        2020 OCT -5 P 12 32         Phyllis Ball, Plaintiff in Pro Per
26
27
28      FILED

                        Page 1 of 1

1  PHYLLIS BALL

2  7896 NORTH PINE AVE

3  FRESNO, CA 93720

4  (559) 970-4037

5  Phyllis Ball, IN PRO PER

FILED

2020 OCT -5 P 12 33

FRESNO COUNTY
SUPERIOR COURT

6

7

8              SUPERIOR COURT OF THE STATE CALIFORNIA

9                 IN AND FOR THE COUNTY OF FRESNO

10  PHYLLIS BALL,                          )    Case Number: 20KCECG00107
11       Plaintiff                          )    "DECLARATION IN SUPPORT
12              vs.                          )    OF EX PARTE APPLICATION
13  Bowlero Corporation f/k/a AMF            )    FOR LEAVE TO AMEND
14  Bowling Co., et al.                      )    COMPLAINT TO SUBSTITUTE
15       Defendant                           )    TRUE NAME FOR FICTITIOUS
16                                                NAME PURSUANT TO
17                                                CALIFORNIA RULE OF COURT,
18                                                RULE 3.1202(c)"
19

20  * I declare and state as follows:

21

22  * I am the Plaintiff in this action. I am over the age of 18. I have personal

23     knowledge of the facts contained in this declaration, and if called upon to testify

24     I could and would testify competently as to the truth of the facts stated herein.

25

26  * I did not previously know the name of the Defendant, that I now know it, that I

27     need to amend to change the name from the fictitious DOE, to the name of the

28     Defendant and I am requesting this relief as soon as I have been able to.

Page 1 of 2

FILED

1  PHYLLIS BALL

2  7896 NORTH FINE AVE                    2020 OCT -5 P 12 33

3  FRESNO, CA 93720                       FRESNO COUNTY
                                           SUPERIOR COURT
4  (559) 970-4037

5  Phyllis Ball, IN PRO PER

6

7

8            SUPERIOR COURT OF THE STATE CALIFORNIA

9              IN AND FOR THE COUNTY OF FRESNO

10  PHYLLIS BALL,                    )    Case Number: 20KCECG00107
                                     )
11       Plaintiff                   )    "DECLARATION REGARDING
                                     )
12       vs.                         )    NOTICE OF EX PARTE
                                     )
13  Bowlero Corporation f/k/a AMF    )    APPLICATION PURSUANT TO
                                     )
14  Bowling Co., et al.              )    CALIFORNIA RULE OF COURT,
                                     )
15       Defendant                   )    RULE 3.1204(b)"

16

17  * I declare and state as follows:

18

19  * I am the Plaintiff in this action. I am over the age of 18. I have personal

20     knowledge of the facts contained in this declaration, and if called upon to testify

21     I could and would testify competently as to the truth of the facts stated herein.

22

23  * As required by Rule #3.1204(b) and

24

25  * As Plaintiff I am serving the Defendant with the Ex Parte application, the

26     summons, the complaint, the amendment to the complaint, which I am filing. I

27     will file the proof of service with the court once the defendant is served with all

28     of the documents.

Page 1 of 2

FILED

2020 OCT -5 P 12: 33

FRESNO COUNTY
SUPERIOR COURT

Date 10-5-20

*Phyllis Ball*

Phyllis Ball, Plaintiff in Pro Per

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Page 2 of 2

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Phyllis Colleen Ball, in pro per<br>7896 N. Fine<br>Fresno, CA 93720<br>TELEPHONE NO: 5599704037   FAX NO.(Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | E-FILED<br>1/31/2020 9:53 AM<br>Superior Court of California<br>County of Fresno<br>By: C. York, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   FRESNO | |
|---|---|
| STREET ADDRESS: 1130 O STREET<br>MAILING ADDRESS: 1130 O STREET<br>CITY AND ZIP CODE: FRESNO, CA 93721-2220<br>BRANCH NAME: CIVIL DIVISION | |

| PLAINTIFF: Phyllis Colleen Ball | |
|---|---|
| DEFENDANT: Bowlero Corporation, and | |
| [X] DOES 1 TO 100, Inclusive | |

| COMPLAINT-Personal Injury, Property Damage, Wrongful Death | |
|---|---|
| [X] AMENDED (Number): FIRST-Original filed on 1/8/2020 | |

Type (check all that apply):
- [ ] MOTOR VEHICLE  [X] OTHER (specify):   Premises Liability
  - [ ] Property Damage   [ ] Wrongful Death
  - [X] Personal Injury   [ ] Other Damages (specify):

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| [ ] ACTION IS A LIMITED CIVIL CASE<br>Amount demanded [ ] does not exceed $10,000<br>[ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>[ ] from limited to unlimited<br>[ ] from unlimited to limited | 20CECG00107 |

1.  Plaintiff (name or names): Phyllis Colleen Ball

    alleges causes of action against defendant (name or names): Bowlero Corporation f/k/a AMF Bowling
    Co. and Does 1, through 100, inclusive.
2.  This pleading, including attachments and exhibits, consists of the following number of pages: 4
3.  Each plaintiff named above is a competent adult
    a.  [ ] except plaintiff (name):
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity (describe):
        (3) [ ] a public entity (describe):
        (4) [ ] a minor  [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other (specify):
        (5) [ ] other (specify):

    b.  [ ] except plaintiff (name):
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity (describe):
        (3) [ ] a public entity (describe):
        (4) [ ] a minor  [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other (specify):
        (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007]   CEB Essential [e] Forms   **COMPLAINT -Personal Injury, Property Damage, Wrongful Death**   Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov

BALL, COLLEEN

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ball v. Bowlero | 20CECG00107 |

4. [X] Plaintiff (name): Colleen Ball

    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. [X] except defendant (name):

    Bowlero Corporation f/k/a AMF Bowling Co.

    (1) [X] a business organization, form unknown

    (2) [ ] a corporation

    (3) [ ] an unincorporated entity (describe):

    (4) [ ] a public entity (describe):

    (5) [ ] other (specify):

  c. [ ] except defendant (name):

    (1) [ ] a business organization, form unknown

    (2) [ ] a corporation

    (3) [ ] an unincorporated entity (describe):

    (4) [ ] a public entity (describe):

    (5) [ ] other (specify):

  b. [ ] except defendant (name):

    (1) [ ] a business organization, form unknown

    (2) [ ] a corporation

    (3) [ ] an unincorporated entity (describe):

    (4) [ ] a public entity (describe):

    (5) [ ] other (specify):

  d. [ ] except defendant (name):

    (1) [ ] a business organization, form unknown

    (2) [ ] a corporation

    (3) [ ] an unincorporated entity (describe):

    (4) [ ] a public entity (describe):

    (5) [ ] other (specify):

[ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

  a. [X] Doe defendants (specify Doe numbers): 1-50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.

  b. [X] Doe defendants (specify Doe numbers): 51-100 _____ are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because

  a. [ ] at least one defendant now resides in its jurisdictional area.

  b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.

  c. [X] injury to person or damage to personal property occurred in its jurisdictional area.

  d. [ ] other (specify):

9. [ ] Plaintiff is required to comply with a claims statute, and

  a. [ ] has complied with applicable claims statutes, or

  b. [ ] is excused from complying because (specify):

CEB | Essential Forms

BALL, COLLEEN

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ball v. Bowlero | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: January 8, 2020

Phyllis Colleen Ball, in pro per
(TYPE OR PRINT NAME)

*Colleen Ball*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

CEB Essential Forms
ceb.com

BALL, COLLEEN

PLD-PI-001(4)

| SHORT TITLE:  Ball v. Bowlero | | CASE NUMBER: |
|---|---|---|

<u>First</u>       **CAUSE OF ACTION - Premises Liability**       Page _4_

(number)

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Phyllis Colleen Ball
alleges the acts of defendants were the legal *(proximate)* cause of damages to plaintiff.
On *(date):* January 9, 2020     plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*
Plaintiff, Phyllis Colleen Ball, was injured when she was
caused to slip and fall while attempting to bowl at the
Bowlero Corporation's (formerly known as AMF Bowling Bowling
Co.) bowling alley in Clovis, California

Prem.L-2.   [X] **Count One-Negligence** The defendants who negligently owned, maintained, managed and operated
the described premises were *(names):*
Bowlero Corporation f/k/a AMF Bowling Co., and

    [X] Does _1_ to _25_

Prem.L-3.   [X] **Count Two-Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or
maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):* Bowlero Corporation f/k/a AMF Bowling Co., and

    [X] Does _26_ to _50_
Plaintiff, a recreational user, was [ ] an invited guest [X] a paying guest.

Prem.L-4.   [ ] **Count Three-Dangerous Condition of Public Property** The defendants who owned public property on
which a dangerous condition existed were *(names):*

    [ ] Does _____ to _____
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants.** The defendants who were the agents and employees of the other
defendants and acted within the scope of the agency were *(names):*
Bowlero Corporation f/k/a AMF Bowling Co., and

    [X] Does _51_ to _100_
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) (Rev. January 1, 2007)

CEB | Essential
Forms

**CAUSE OF ACTION - Premises Liability**

Page 1 of 1

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

BALL, COLLEEN

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Phyllis Colleen Ball, in pro per<br>7896 N. Fine<br>Fresno, CA 93720<br>TELEPHONE NO: 5599704037   FAX NO.:<br>ATTORNEY FOR (Name): | E-FILED 1/8/2020<br><s>1/9/2020 1:35 PM</s><br>Superior Court of California<br>County of Fresno<br>By: J. Nelson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O STREET
MAILING ADDRESS: 1130 O STREET
CITY AND ZIP CODE: FRESNO, CA 93721-2220
BRANCH NAME: CIVIL DIVISION

CASE NAME: Ball v. Bowlero

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20CECG00107<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* one
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 8, 2020

Phyllis Colleen Ball, in pro per
(TYPE OR PRINT NAME)

*Colleen Ball*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CEB | Essential<br>Forms | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

BALL, COLLEEN

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)-Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice-
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach-Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court
   Case Matter
  Writ-Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
   Claim
  Other Civil Petition

CEB | **Essential**
ceb.com | **Forms**

BALL, COLLEEN

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department Central Division**<br>**1130 "O" Street**<br>**Fresno, California 93724-0002**<br>**(559) 457- 1900** | FOR COURT USE ONLY<br><br>6/16/2020<br><br>**Filed by Court** |
| TITLE OF CASE:<br><br>**Phylis Ball vs. Bowlero Corporation** | ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ |
| **NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>20CECG00107 |

**To All Parties and their Attorneys of Record:**

This case has been assigned to **D Tyler Tharpe**, Judge for all purposes. All future hearings will be scheduled before this assigned judge.

> **NOTICE: This assignment for all purposes must be provided to all <u>non-appearing</u> parties by the moving party.**

---

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the **Notice of Assignment of Judge for All Purposes** was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at Fresno, California, on:

Date: **06/17/2020**                    Clerk, by **/s/ C. York**                    , Deputy

**Please See Attached Clerk's Certificate of Mailing**

---

CV-47A E11-02          **NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE:<br>Phyllis Ball vs. Bowlero Corporation | |
| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>20CECG00107 |

I certify that I am not a party to this cause and that a true copy of the:

Notice of Assignment of Judge for all Purposes

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in

the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California  93724-0002

On Date:  06/17/2020                            Clerk, by _____, Deputy

C. York

Phyllis Colleen Ball
7896 N. Fine
Fresno, CA 93720

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-05b R08-05

CLERK'S CERTIFICATE OF MAILING

# SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO
## Civil Department

| | Entered by: |
|---|---|

**TITLE OF CASE:**

Phyllis Ball vs. Bowlero Corporation

| | Case Number: |
|---|---|
| **CASE MANAGEMENT CONFERENCE MINUTES/ORDER TO SHOW CAUSE** | 20CECG00107 |

Court Clerk: <u>Whipple, Layla</u>

| | Hearing Date: |
|---|---|
| | **Friday, July 24, 2020** |

Judge/Temp. Judge: Tharpe, D Tyler

| | Department: |
|---|---|
| | **Department 402** |

Reporter/Tape/None: NR

**Appearing Parties:**

Plaintiff: Phyllis Ball  [X]Appearing        Counsel: _____  [ ]Appearing

Defendant: _____ [ ]Appearing   Counsel: _____  [ ]Appearing

[X]Continued to 10/7/20 at 1:30 p.m. in Department 402 for:

[X]Service on all defendants.                    [ ]Notice of Settlement to be filed.

[ ]Plaintiff/Cross-complainant states he/she will dismiss _____ forthwith.

[ ]Answer to be filed.          [ ]Other _____

[ ]Default/Judgment to be filed.

[ ]Personal Injury case. *Limited Civil only.*          [ ]Designated as Uninsured Motorist case.

[ ]Parties present stipulate that case will take  [ ]12-18  [ ]18-24  months to dispose of.

[ ]Jury Trial requested by  [ ]Plaintiff  [ ]Defendant.

[ ]Court Trial: appearing parties waive their rights to a jury trial.  *Non-appearing parties are deemed to have waived their rights to a jury trial and to have consented to the date set for trial.*

  [ ]Court Reporter fees must be paid to the clerk's office prior to commencement of trial.

[ ]Estimated time for trial is _____ days.

[ ]Trial is set for _____ at _____ a.m./p.m in Department _____.

[ ]Trial Readiness is set for _____ at _____ a.m./p.m in Department _____.

[ ]Mandatory Settlement Conference is set for _____ at _____ a.m./p.m in Room 575.

  [ ]The Settlement Conference Statement is due 10 days prior to the Settlement Conference.

[ ]Service of written notice of the orders made herein is waived by:

  [ ]All parties        [ ] _____

  [ ]The court orders all parties to engage in some form of Alternative Dispute Resolution, such as mediation. This Alternative Dispute Resolution must be completed by _____ (within 180 days after the Case Management Conference, or prior to the Mandatory Settlement Conference, whichever is earlier). Failure to do so may result in the court imposing sanctions, unless excused by the court upon a timely showing of good cause by written declaration.

If you have any questions you may contact the ADR Department at 457-1909.  A list of the mediators and stipulation forms are available on the Court's website:
http://www.fresno.courts.ca.gov/alternative_dispute_resolution/

---

| TITLE OF CASE: | CASE NUMBER: |
|---|---|
| Phyllis Ball vs. Bowlero Corporation | 20CECG00107 |

## Order to Show Cause

TO: _____
_____
_____

You are hereby ordered to appear in person on _____ at _____ a.m./p.m.  in Department 402
of the above court located at 1130 'O' Street, Fresno, California, to show cause why you should not be
sanctioned for:

[ ] failure to appear at the Case Management Conference by  [ ] Plaintiff  [ ] Defendant  [ ] Both
[ ] failure to serve all defendant(s) within 60 days. Plaintiff is required to diligently attempt service of all
   defendant(s). Failure to serve all defendant(s) by the order to show cause hearing date will result in
   additional sanctions unless diligent effort to serve all defendants is shown.

[ ] failure to request entry of default/judgment.

If defendant(s) answer and the case is at issue prior to the Order to Show Cause Hearing, plaintiff must
immediately contact the clerk's office at (559) 457-1900 to reschedule the Case Management Conference
and vacate the Order to Show Cause Hearing.

[ ] failure to file an ADR Stipulation at least 10 days prior to the Case Management Conference.

[ ] failure to file an ADR Report at least 10 days prior to the Mandatory Settlement Conference.

[ ] failure to serve all defendants with the Notice of Case Management Conference.

[ ] other _____
_____
_____

Date: _____      _____
                                     Judge of the Superior Court

---

**Your personal appearance is required at the Order to Show Cause Hearing.
Special appearances on your behalf are not allowed. Telephonic appearances are not allowed.**

---

CV-18b R01-20          **CASE MANAGEMENT CONFERENCE MINUTES/ORDER TO SHOW CAUSE**          Civil Code of Procedure 651
Mandatory Form                                                                              Local Rule 3

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | FOR COURT USE ONLY |
|---|---|

| TITLE OF CASE:<br>Phyllis Ball vs. Bowlero Corporation | |
|---|---|

| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>20CECG00107 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

Case Management Conference Minutes/Order

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California  93724-0002

On Date:  07/27/2020                          Clerk, by _____*L. Whipple*_____, Deputy

L. Whipple

> Phyllis Colleen Ball
> 7896 N. Fine
> Fresno, CA 93720

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-05                                    **CLERK'S CERTIFICATE OF MAILING**

# Alternative Dispute Resolution
# Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court. Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

## Civil Standing Order Regarding ADR:

*In 2006, a Case Management Conference (CMC) Standing Order 07-0628, was implemented requiring parties in general civil cases filed in Fresno County Superior Court to participate in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresno.courts.ca.gov under the "Forms," section. Please note, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include but are not limited to:

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

BALL, COLLEEN

## Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute will be resolved, the parties do. It is a cooperative process guided by the mediator to create an agreement that addresses each person's interests. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary and confidential process while working towards a resolution. The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.

## Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration is generally quicker, less expensive and less formal than a lawsuit. An arbitrator can often hear a case in a matter of hours rather than days in a trial. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding arbitration:** Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-binding arbitration:** May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## Case Evaluation

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or procedural questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

**ADR Agreements:**
Agreements reached through ADR are normally put into writing and can become binding contracts that are enforceable in court. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

**ADR Process Selection & Information:**
There are several other types of ADR. Some of these include Conciliation, Settlement Conference, Fact Finding, Mini-Trial, Victim Offender Conferencing, and Summary Jury Trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

**Advantages & Disadvantages of ADR:**

*Advantages*

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful than litigation.** Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR is even used to resolve disputes after trial, when the result is appealed.

*Disadvantages*

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
  - Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run out while a dispute is in an ADR process.

**Neutral Selection:**

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, many programs and the Court have established qualification requirements and standards of conduct for their neutral panels.

## *Mediation Services Offered by Fresno County Superior Court*

**Mediation Practitioner Panel:**

Fresno County Superior Court, Alternative Dispute Resolution (ADR) Department maintains a fee-for-service Mediation Panel as a public service for court litigants and the community. Those listed have met the Court's eligibility requirements and have agreed to abide by the Court's professional standards of conduct in order to participate as a panel member. The panel list can be found on the Court's website under the Alternative Dispute Resolution link, www.fresno.courts.ca.gov/alternative_dispute_resolution/Mediator

**Free / Low Cost ADR Service Options**

For cases involving self-represented litigants or those unable to afford a private mediator, the court contracts with the following organization to provide free or low cost mediation services through Dispute Resolution Program Act (DRPA) funding.

- **Better Business Bureau Mediation Center**- *This organization provides mediation for family law property disputes, small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to www.mediationservicesbybbb.org.*

  *2600 W. Shaw Lane*
  *Fresno, CA 93711*
  *559.256.6300 (phone)*
  *800.675.8118, ext. 360 (toll free)*

For more information, go to www.fresno.courts.ca.gov/alternative_dispute_resolution or contact:

| Mari Henson, Administrator | Camille Valentine, Asst. Administrator |
|---|---|
| 1130 "O" Street, Fresno, CA. 93724 | 1130 "O" Street, Fresno, CA. 93724 |
| TEL (559) 457-1908, FAX (559) 457-1691 | TEL (559) 457-1909, FAX (559) 457-1691 |
| mhenson@fresno.courts.ca.gov | cvalentine@fresno.courts.ca.gov |


BALL,   COLLEEN

1  PHYLLIS BALL
2  7896 NORTH FINE AVE
3  FRESNO, CA 93720
4  (559) 970-4037
5  Phyllis Ball, IN PRO PER
6
7
8           SUPERIOR COURT OF THE STATE CALIFORNIA
9              IN AND FOR THE COUNTY OF FRESNO
10 PHYLLIS BALL,                          Case Number: 20KCECG00107
11     Plaintiff.                         "[PROPOSED] ORDER
12          vs.                           GRANTING EX PARTE
13 Bowlero Corporation f/k/a AMF          APPLICATION SEEKING
14 Bowling Co., et al.                    LEAVE TO AMEND
15     Defendant                          COMPLAINT"
16
17 "Having considered the moving and any opposition papers and oral argument of
18 the parties, and good cause appearing,
19
20 IT IS HEREBY ORDERED THAT:
21
22      Plaintiff's Ex Parte Application requesting leave to amend her Complaint to
23 state the true name of the defendant sued under the fictitious name of DOE
24 #1."

25                                        Date _____
26
27
28                                        _____
                                         Superior Court Judge

                    Page 1 of 1

1    * I declare under penalty of perjury under the laws of the State of California that

2    the foregoing is true and correct and that this Declaration is executed on

3    Oct 5, 2020 at Fresno, California

4

5                                    Date 10-5-20

6

7

8                               Phyllis Ball, Plaintiff in Pro Per

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25        SUPERIOR COURT
          FRESNO COUNTY

26      2020 OCT -5 P 12 33

27

28        FILED

Page 2 of 2